Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5746 | DATE | 3/15/2004 |
| CASE TITLE | U.S. ex rel. Wright v. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petitioner Wright's Petition for a Writ of *Habeas Corpus* (doc. # 1-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] . After careful consideration of the entire record, Petitioner Wright's § 2254 petition for a writ of *habeas corpus* [1-1] is DENIED. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 16 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| | JHC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DAVID WRIGHT,<br>    Petitioner, | )<br>)<br>)<br>) | |
| v. | ) | 00 C 5746 |
| KENNETH BRILEY,<br>    Respondent. | )<br>)<br>) | Judge William J. Hibbler |

**DOCKETED MAR 1 6 2004**

## MEMORANDUM AND ORDER

Petitioner David Wright filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the following reasons, Wright's petition is DENIED.

### I.   Background

On March 25, 1994, Robert Smith and Tyrone Rockett decided to go out to purchase soft drinks and cookies. A short time later, they were shot in the head, execution-style. Following a jury trial in the Circuit Court of Cook County, on November 1, 1996, Wright was convicted of two counts of first degree murder in the Circuit Court of Cook County. He received a sentence of natural life in prison. Wright, through counsel, appealed his conviction and sentence to the Illinois Appellate Court ("direct appeal"). On February 5, 1998, the Illinois Appellate Court affirmed Wright's convictions and sentence. Wright, through counsel, then filed a petition for leave to appeal in the Illinois Supreme Court ("PLA"). The Illinois Supreme Court denied Wright's petition for leave to appeal on June 3, 1998.

On May 12, 1998, Wright filed a petition for post-conviction relief ("post-conviction petition"). On June 23, 1999, Wright's petition for post-conviction relief was dismissed as frivolous and without merit. When Wright appealed this dismissal to the Illinois Appellate Court, his counsel

/2

filed a motion to withdraw as counsel ("collateral appeal"). On March 15, 2000, the Illinois Appellate Court granted Wright's attorney's motion for leave to withdraw and affirmed the judgment of the trial court. Wright then filed a *pro se* petition for leave to appeal in the Illinois Supreme Court ("PLA"). The Illinois Supreme Court denied Wright's PLA II on July 5, 2000. Wright filed the instant *pro se* petition for writ of *habeas corpus* on September 18, 2000.

In his § 2254 petition, he contends that: (1) his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights were violated in connection with "the proceedings relative to his arrest[,] trial and conviction, [and] sentencing;" (2) there was insufficient evidence to convict him; (3) his trial counsel and his appellate counsel on direct appeal were ineffective; (4) his post-conviction counsel was ineffective because he did not contend that counsel in Wright's direct proceedings was ineffective; and (5) the trial court erred when it denied Wright's motion to suppress his six post-arrest statements. The Court will discuss the key details of Wright's state court proceedings when it addresses the merits of his *habeas* petition.

## II.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, a *habeas* petitioner is not entitled to a writ of *habeas corpus* unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that

are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405.

A state court's decision is an "unreasonable application" of federal law under § 2254(d)(1), if the state court identified the correct legal rule but unreasonably applied it to the facts of the case. *Id.* at 407. *See also Matheney v. Anderson*, 253 F.3d 1025, 1041 (7th Cir. 2001). The state court's application of Supreme Court precedent must be "objectively" unreasonable. *See Lockyer v. Andrade,* 538 U.S. 63, 75 (2003) (unreasonable application must be more than incorrect or erroneous). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002); *see also Searcy v. Jaimet,* 332 F.3d 1081, 1089 (7th Cir. 2003) (decision need not be well reasoned or fully reasoned and is reasonable if it is one of several equally plausible outcomes); *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

### III. Procedural Default

#### A. Standard

The Court does not reach the merits of Wright's federal *habeas* claims because Wright's claims are procedurally defaulted. In order to raise a constitutional challenge to a state court conviction and sentence in a federal *habeas* proceeding, the petitioner must have fully and adequately presented the challenge to the state courts, such that the state courts have an opportunity to act on each of the petitioner's claims before he presents them to a federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 844 (1999); *Mahaffey v. Schomig,* 294 F.3d 907, 914-15 (7th Cir. 2002); *Chambers v. McCaughtry,* 264 F.3d 732, 737-38 (7th Cir. 2001). State remedies are exhausted when the claims are presented to the state's highest court for a ruling on the merits or

when no means of pursuing review remain available. *Boerckel*, 526 U.S. at 844-45, 847; 28 U.S.C. § 2254(c). Here, Wright has exhausted his state court remedies because no state court relief is available to him at this stage in the proceedings.

However, a petitioner's claims are also procedurally defaulted where a state court relied upon an adequate and independent state procedural ground as the basis for its decision, barring the petitioner from raising that claim in a federal *habeas corpus* review. *Stewart v. Smith*, 536 U.S. 856 (2002); *Harris v. Reed*, 489 U.S. 255 (1989); *Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002); *Aliwoli v. Gilmore*, 127 F.3d 632, 633 (7th Cir. 1997). In addition, if an Illinois appellate court finds that a claim is waived, that holding constitutes an independent and adequate state ground. *Rodriquez v. McAdory*, 318 F.3d 733, 735 (7th Cir. 2003). Wright's claims are procedurally defaulted for these reasons.

A petitioner can cure his procedural default in a federal *habeas corpus* proceeding by showing good cause for the default and actual prejudice resulting from the errors he alleges, or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Wright, however, makes no argument of just cause, actual prejudice, or miscarriage of justice regarding any of his claims.

## B. General Constitutional Violations

In his petition, Wright generally alleges generally that his Fourth, Fifth, Sixth, Eighth,[1] and Fourteenth Amendment rights were violated in connection with "the proceedings relative to his arrest[,] trial and conviction, [and] sentencing." In his reply memorandum, he claims that his constitutional rights have been "violated continuously" because his incarceration violates the constitution, laws, and treaties of the United States. Wright, however, does not explain the basis for his constitutional claims or point to any supporting facts. A *habeas* petitioner must present specific federal constitutional claims to the state court before he can raise those specific federal constitutional claims in a federal *habeas* proceeding. *Verdin v. O'Leary*, 972 F.2d 1467, 1474-75 (7th Cir. 1992) (a petitioner need not cite "book and verse of the federal constitution" to present a constitutional claim but he must "raise the red flag of constitutional breach" in state court or his claims will be barred in federal court). This Court, however, cannot determine the contours of his argument, even when it construes his *pro se* pleadings liberally. Because the Court cannot determine what claims Wright seeks to raise in this Court, it cannot match them up with claims presented to the state courts to determine if the claims were properly preserved. Thus, Wright's first argument fails.

## C. Sufficiency of the Evidence

Wright next asserts that the evidence was not sufficient to convict him. Wright raised this argument in his state post-conviction petition. The trial court found that it was barred because Wright could have, but did not, raise this argument on direct appeal. Wright appealed the denial of post-conviction relief and asserted that his direct trial counsel was ineffective because he did not raise this issue on direct appeal. The Illinois Appellate Court affirmed the trial court's finding that

---

[1] In addition, this is the first time Wright is claiming a violation of the Eighth Amendment. Wright's failure to present this issue to the state courts precludes him from raising these claims now. *Boerckel*, 526 U.S. at 842, 844.

Wright's sufficiency of the evidence claim was barred by *res judicata*. Wright raised this argument in his PLA. The Illinois Supreme Court denied Wright's PLA.

As noted above, a defendant must properly present his constitutional claims to the state courts to avoid procedural default. *Boerckel*, 526 U.S. at 845. The failure to properly present a claim to the state courts is an independent and adequate state procedural ground which precludes *habeas* review if the state court found that the procedural defect barred it from resolving the defendant's claims on the merits. *See Dressler v. McCaughtry*, 238 F.3d 908, 912-13 (7th Cir. 2001). This is exactly what happened here: Wright failed to properly present his sufficiency of the evidence claim as required by state law and the state court found that this delict prevented it from reaching the merits of that claim. Wright gives no explanation for the default, no argument that cause and prejudice or a fundamental miscarriage of justice would occur if the Court did not review these issues. *See Coleman*, 501 U.S. at 750. Accordingly, Wright's sufficiency of the evidence claim is procedurally defaulted based on an independent and adequate state ground. *Stewart*, 536 U.S. at 860-61.

### D. Ineffective Assistance of Counsel

Wright contends that his trial counsel was ineffective because he failed to notify the court of a witness, Sheila Atkins, who allegedly would have been helpful to Wright's case. He also claims that his appellate counsel was ineffective because appellate counsel failed to argue that trial counsel was ineffective for failing to present Atkins.

The ineffective assistance of trial counsel argument appears for the first time, with no explanation, context, or discussion of authority, in Wright's PLA. In his state post-conviction petition, he also alleges that trial counsel was ineffective, but does not say how or why this was so. The trial court denied Wright's post-conviction petition, stating that it was "not accompanied by any facts nor an affidavit to support the allegation," in violation of the requirements of the Illinois Post-

Conviction Hearing Act, 725 ILCS § 5/122-2 (requiring a petitioner to submit affidavits, records, or other evidence supporting his allegations or explain why he failed to do so). The court thus concluded that the petition was "insufficient and therefore frivolous and without merit." The Illinois Appellate Court affirmed. As with Wright's sufficiency of the evidence argument, because the state court relied on an independent and adequate state ground as a basis for denying relief, Wright's ineffective assistance of trial counsel argument is procedurally defaulted. *Stewart*, 536 U.S. at 860-61.

Wright next contends that his post-conviction counsel was ineffective because he did not contend that Wright's trial and direct appeal lawyers were ineffective. "There is no right to effective counsel in post-conviction hearings." *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998) (finding that alleged ineffective assistance of post-conviction counsel did not establish cause to excuse procedural default because there is no Sixth Amendment right to effective post-conviction counsel). In any event, a petitioner must present his claims to the Illinois courts, up to and including the Illinois Supreme Court, to avoid procedural default. *See Boerckel*, 526 U.S. at 844. This means that his claims must appear not only in his PLA but also in his filings with the state trial court and intermediate appellate court. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Wright did not present this ineffective assistance of counsel argument to the Illinois Appellate Court or the Illinois Supreme Court on post-conviction review. Therefore, this claim is both non-cognizable and procedurally defaulted. *See Castille*, 489 U.S. at 349 (failure to present claim to state intermediate court means that it is procedurally barred); *Boerckel*, 526 U.S. at 844 (failure to present claim to state's highest court means that it is procedurally barred).

E.  **Motion to Suppress**

Lastly, Wright's memorandum in support of his petition (which was filed without leave of Court after the respondent had filed its answer) asserts that the trial court erred when it denied Wright's motion to suppress his post-arrest statements. This argument does not appear in any of Wright's PLAs and thus is procedurally defaulted. *See Boerckel*, 526 U.S. at 844. Because Wright has not established, or even argued, cause and prejudice or miscarriage of justice regarding any of his procedurally defaulted claims, the Court cannot review the merits of Wright's claims.

III.  **Conclusion**

For the above reasons, Wright's § 2254 petition [1-1] is DENIED.

IT IS SO ORDERED.

3/15/04
Dated

William J. Hibbler
United States District Court Judge